IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN P. CAPANNA | : | CIVIL ACTION |
| v. | : | |
| FRANCIS J. MARTIN | : | NO.  04-mc-00088 |

### MEMORANDUM

M Faith Angell  August 24, 2012
United States Magistrate Judge

     As the parties are aware, this case has a long and contentious history.   It started in May 2004 when Plaintiff registered a judgment from the United States Bankruptcy Court for the District of New Jersey in this Court.   When this matter was referred to me for settlement purposes at the request of the parties, I held a series of settlement conferences, from April through December 2009, which resulted in the drafting of various settlement terms, but as of December 30, 2009, no executed agreement.  *See December 30, 2009 letter addressed to me from Plaintiff's Counsel.*   At that point, in the absence of a finalized settlement agreement, I sent the matter back to the Honorable Norma L. Shapiro.

     Judge Shapiro scheduled a hearing for January 21, 2010.   However, prior to the hearing date, Plaintiff filed an unopposed motion to set aside the judgment against Defendant Martin and to dismiss this case without prejudice.   In his motion, filed January 13, 2010, Plaintiff represented that the parties had completed an agreement to satisfy the judgment in this case, and that under the terms of the settlement agreement Plaintiff was seeking set aside the judgment and dismiss this action without prejudice.   In the motion to set aside judgment, Plaintiff purported to reserve the right to "seek [ . . . ] and obtain [ . . . ] a judgment against Defendant for any future violation of the terms of the agreement entered into between Plaintiff and Defendant to resolve the indebtedness of the instant judgment."  *Motion of Plaintiff to Set Aside Judgment Against Defendant Francis J. Martin* [Docket #18].   On January 14, 2010, Judge Shapiro granted the motion to set aside judgment, cancelled the hearing scheduled on January 21, 2010, and dismissed this action without prejudice.

Approximately ten months after this action was dismissed, Plaintiff's Counsel wrote to me alleging that Defendant violated the terms of their settlement agreement.  Under the terms of the settlement agreement, the parties had agreed (with my consent) that I would retain jurisdiction until Defendant's debt was fully discharged.   Plaintiff asked that I enter an order finding Defendant Martin in default and reducing to judgment the full amount of the original judgment with credit for amounts paid to date.  *November 23, 2010 Letter Addressed to Me from Plaintiff's Counsel.*

Judge Shapiro scheduled a status conference with Counsel, which I attended, on December 9, 2010.   At that time, Judge Shapiro gave the parties notice of the Court's jurisdictional concerns, advising them that there were procedural problems with Plaintiff's request to enter judgment given the fact that the judgment had been side aside at Plaintiff's request, and this case closed, on January 14, 2010.   After the December 9, 2010 hearing, the parties met with me and agreed to proceed under the terms of their settlement agreement, subject to my retaining jurisdiction for any future disputes.

Six months later, Plaintiff's Counsel wrote to me, advising that Plaintiff believed that Defendant Martin was "shirking his responsibilities under the terms of the RSA ["Release and Settlement Agreement"].  *July 21, 2011 Letter Addressed to Me from Plaintiff's Counsel.*

I held a hearing on September 1, 2011, which resulted in an order directing Defendant Martin to take certain actions to meet his responsibilities under the settlement agreement.   A status conference was scheduled for October 5, 2011.

Prior to the scheduled conference, Counsel for Defendant represented that Mr. Martin had complied with my September 2011 Order, and the October 5th conference was cancelled.

The next time I was contacted by the parties was nine months later, when Plaintiff's Counsel wrote to me on June 15, 2012, alleging that Defendant Martin had repeatedly failed to meet his responsibilities under the terms of the settlement agreement, and noting that he had filed a request for entry of default judgment the previous day.   In the June 15, 2012 letter, Plaintiff's Counsel asked that I hold a conference to discuss the Defendant's failure to uphold his obligations under the settlement agreement.  *June 15, 2012 Letter Addressed to Me from Plaintiff's Counsel. See Request for Entry of Default Judgment* [Docket #32].

I responded to this letter by advising Plaintiff's Counsel that I was not inclined to hold another hearing and advising him to proceed with the previously filed motion.

On June 20, 2012, Plaintiff withdrew the request for default judgment.  *Docket #33*.

On June 21, 2012, Plaintiff filed a Motion to Enforce Settlement.  *Docket #34*.  In this motion, Plaintiff argues that the settlement agreement is a legally binding and enforceable contract, and that Defendant Martin has violated the terms of the settlement agreement by failing to make a good faith effort to sell his home.  Plaintiff asks the court to enter judgment pursuant to the terms of the Settlement and Release Agreement.  *Id.*

On July 17, 2012, Defendant Martin filed a response in opposition to Plaintiff's motion to enforce settlement and a counter-motion for sanctions.  *Docket #35*.  Defendant acknowledges that he has "been tardy" with his monthly payment obligations, citing ill health and loss of income.  However, he argues that he has, at all times, exhibited good faith in listing his property for sale and attaches a letter from his broker attesting to the listing of the property for sale.  Defendant contends that Plaintiff's Counsel has been provided documentation to show that the property is listed and has refused to withdraw his "frivolous" motion to enforce settlement.  Defendant seeks an award of counsel fees for "Plaintiff's and/or Plaintiff's Counsel's actions in prematurely and improperly filing for default, requesting repeated court intervention, failing to withdraw or timely withdraw unnecessary and frivolous motions and pleadings, consistently seeking court intervention, and in pursuing this motion [to enforce settlement]."  *Id.*

Initially, despite jurisdictional concerns, I had been willing to continue to meet with the parties to attempt to facilitate their cooperation and compliance with the terms of the settlement agreement which they executed in December 2009.  However, it is now more than two and a half years later, this action has been closed at Plaintiff's request for several years, and disputes have been repeatedly brought before the court only to be "resolved" under threat of seeking default judgment until the next perceived misstep.  Given the lapse of time, combined with the fact that the original case has been dismissed, I believe the only course for Plaintiff's Counsel to now pursue is to file a new action to enforce the settlement agreement, as a related action, and request that the matter be referred to me by consent for further proceedings.